Brandie N. Charles, Bar No. 188892
bcharles@littler.com
Zeeshan Kabani, Bar No. 322638
zkabani@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330

Oscar Bustos, Bar No. 279212
obustos@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone:   213.443.4300
Facsimile:   800.715.1330

Attorneys for Defendant NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MCCORKLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP"); and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-2978<br><br>*[Removed from Los Angeles Superior Court Case No. 26STCV04343]*<br><br>**DEFENDANT NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>Trial Date:        None Set<br>Complaint Filed:   February 10, 2026 |

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JANET MCCORKLE AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and (b), Defendant NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("Defendant") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Removal is proper due to complete diversity of the parties' citizenship.

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a). Defendant may remove this matter to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. § 1332(a)(1).

## II. PLEADINGS, PROCESS, AND ORDERS

On February 10, 2026, Plaintiff Janet McCorkle ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of California, County of Los Angeles, entitled *Janet McCorkle v. National Association for the Advancement of Colored People ("NAACP"), et al.*, Case No. 26STCV04343 ("Complaint"), as well as a Civil Case Cover Sheet and Summons on Complaint. (*See* Declaration of Oscar A. Bustos in Support of Defendant's Removal of Civil Action to Federal Court ["Bustos Decl."], filed concurrently herewith, ¶ 2, Exhibit A.)

The Complaint asserts nine causes of action: (1) Wrongful Discharge in Violation of Public Policy; (2) Retaliation in Violation of Cal. Lab. Code § 98.6; (3) Retaliation in Violation of Cal. Lab. Code § 1102.5 et seq.; (4) Unfair Business Practice in Violation of Cal. Bus. & Prof. Code § 17200 et seq.; (5) Failure to Pay Overtime Compensation in Violation of Cal. Lab. Code §§ 510, 1194, and 11982; (6) Failure to Provide Meal Periods

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

in Violation of Cal. Lab. Code §§ 226.7 and 512.3; (7) Failure to Provide Rest Periods in Violation of Cal. Lab. Code §§ 226.7 and 512.4; (8) Failure to Provide Itemized Wage Statements in Violation of Cal. Lab. Code § 2265; and (9) Failure to Pay Wages When Due in Violation of Cal. Lab. Code § 203 et seq.  (*See* Exhibit A.)

On February 10, 2026, the Los Angeles Superior Court generated an Alternate Dispute Resolution Packet and a Notice of Case Assignment.  (Bustos Decl., ¶ 3, Exhibit A.)

On February 18, 2026, Plaintiff served Defendant with the Summons and Complaint. (Bustos Decl., ¶ 4.)

On February 19, 2026, the Los Angeles Superior Court generated a Notice of Case Management Conference, an Order to Show Cause Re: Failure to File Proof of Service, and a Clerk's Certification of Service by Electronic Service.  (Bustos Decl., ¶ 5, Exhibit A.)

On February 20, 2026, Plaintiff filed a Proof of Personal Service with the Los Angeles Superior Court.  (Bustos Decl., ¶ 6, Exhibit A.)

On March 18, 2026, Defendant filed its Answer in the Los Angeles Superior Court. (Bustos Decl., ¶ 7, Exhibit B.)

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Los Angeles Superior Court or served by any party, and no proceedings or process related hereto have been heard.  (Bustos Decl., ¶ 8.)   The attachments to the Declaration of Oscar A. Bustos, Exhibits A and B, satisfies the requirements of 28 U.S.C. section 1446(a).

As of the date of this Notice, Plaintiff has not named any other parties or validly served any other named defendant with the Summons and Complaint in this matter. Because the DOE defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal.  *See Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925) (named defendants not yet served in state court action need not join in the notice of removal); *see also Salveson v. Western States Bankcard Ass'n*,

3

731 F.2d 1423, 1429 (9th Cir. 1984) (same).

## III.   TIMELINESS OF REMOVAL

A defendant may remove an action from state court by filing a notice of removal, with a copy of all process, pleadings, and orders served on the defendant, within thirty days of service of the initial pleading, and within one year of the commencement of the action. 28 U.S.C. § 1446(a), (b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).  Pursuant to 28 U.S.C. section 1446(b), this Notice is timely filed as it is filed within thirty days of the service date of the initial pleading upon Defendant on February 18, 2026, and within one year of the commencement of the action.

## IV.   VENUE

Venue is proper in this Court because Plaintiff originally filed this action in the Superior Court of California, County of Los Angeles, located within the District and Division of this Court.  28 U.S.C. §§ 84(c)(1), 1441(a), and 1446(a).

## V.   DIVERSITY JURISDICTION

This Court has original jurisdiction over this matter under 28 U.S.C. section 1332(a)(1), which requires both complete diversity of citizenship between the plaintiff and defendant(s), and that the amount in controversy exceed $75,000, exclusive of interests and costs.  Complete diversity requires the plaintiff to be a citizen of a different state than each of the defendants.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

As set forth below, Defendant may remove this matter pursuant to the provisions of 28 U.S.C. section 1441, in that it is a civil action wherein the amount in controversy for Plaintiff's claims exceed the sum of $75,000, exclusive of interest and costs, and it is between citizens of different states.

### A.   Plaintiff and Defendant are Diverse.

Plaintiff is a citizen of the State of California.  For diversity purposes, persons are domiciled in the place they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (A person's domicile is

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

4

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

his permanent home, where he resides with the intention to remain or to which he intends to return). Defendant is informed and believes and thereon alleges that Plaintiff is a citizen and resident of the State of California. (*See* Complaint, ¶ 3.)

Defendant is not a citizen of California. In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State … by which it has been incorporated and of the State … where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the United States Supreme Court has explained, "the phrase 'principal place of business'" in § 1332(c)(1) "refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Defendant is incorporated under the laws of the State of New York with its principal place of business in Maryland. (Declaration of Cynthia Dunyoh in Support of Defendant's Removal of Civil Action to Federal Court ["Dunyoh Decl."], filed concurrently herewith, ¶ 3.) Defendant's national headquarters are located in Baltimore, Maryland. (Dunyoh Decl., ¶ 4.) Thus, Defendant is a citizen of New York and Maryland. Defendant is further informed and believes that Plaintiff is not a citizen of New York or Maryland.

Defendants "DOES 1 through 100" are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**B.      The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

28 U.S.C. § 1446(a). The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. at 87. Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*.

Here, Plaintiff's Complaint asserts nine claims and prays for a myriad of monetary damages, including special, general, punitive damages, attorneys' fees, statutory penalties, and interest. (*See* Complaint, ¶¶ 30-32, 39-42, 47-52, 66-67, 72-73, 80, 85, 88-89, and Prayer for Relief.) Although Defendant denies it should be held liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

Defendant reasonably and in good faith believes that the amount in controversy herein exceeds the $75,000 jurisdictional requirement of 28 U.S.C. section 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the total amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996). Should Plaintiff prevail on her claims, she would be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970).

### 1.   Lost Earnings.

A plaintiff alleging wrongful termination in violation of public policy may seek both back pay and front pay. *See Adkins v. J.B Hunt Transport, Inc.*, 293 F.Supp.3d 1140, 1144

6

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

(E.D. Cal. 2018). "For purposes of determining the amount in controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal, and front pay as the wages lost from the date of removal until trial." *Olvera v. Quest Diagnostics*, No. 2:19-cv-06157-RGK-(SK), 2019 WL 6492246, *2 (C.D. Cal. Dec. 2, 2019).

Here, at the time of her December 29, 2025 discharge, Plaintiff was earning $87,418.24 annually. (Dunyoh Decl., ¶ 6.) Although Defendant denies Plaintiff is entitled to any damages, assuming, *arguendo*, that Plaintiff were to recover back pay from the date of termination through the date of removal, her alleged lost wages from December 30, 2025 until March 19, 2026 (79 days) would total approximately **$18,925.50** ($87,418.24 / 365 days per year = ~$239.50 a day; $239.50 * 79 days = $18,920.50).

Further, the amount in controversy includes alleged front pay from the time of her removal to the time of trial. *See Harrod v. Bass Pro Outdoor World, L.L.C.*, No. EDCV 17-02386-CJC(SHK), 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) ("On Plaintiff's FEHA claims, she can seek an award of back pay from the time of the unlawful adverse action until the date of judgment, as well as front pay for the time after trial."). When no trial date has been set, "courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay." *Olvera*, *supra*, 2019 WL 6492246, at *2 (C.D. Cal. Dec. 2, 2019) (citing *Reyes v. Staples Office Superstore, LLC*, No. 19-CV-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (citing *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018))). Plaintiff's alleged front pay from March 20, 2026 to March 20, 2027 (1 year) would total approximately **$87,418.24** (based on an annual salary of $87,418.24 at the time of her termination).

In addition, Plaintiff alleges she was not paid all wages earned between March 8, 2021, through April 24, 2024, a period of approximately three years. (*See* Complaint, ¶ 19.) Taken together, Plaintiff's claimed lost earnings alone are sufficient to establish that the amount in controversy exceeds the jurisdictional threshold for removal.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

7

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

## 2.    Non-Economic Damages.

Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Plata v. Target Corp.*, Case No. CV 16-5496 PSG (MRWx), 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016). In *Kroske v. U.S. Bank Corporation*, the Ninth Circuit found the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see also Plata*, *supra,* 2016 WL 6237798, *3 (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

Based on the conservative estimate from *Kroske*, a conservative estimate of the potential emotional distress damages at issue here is **$25,000**, at a minimum.

## 3.    Punitive Damages.

Potential punitive damages are also proper to include in the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Plata*, *supra*, 2016 WL 6237798, *3; *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015). Defendant denies that Plaintiff is entitled to punitive damages in this case, *but Plaintiff has pled them*. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Awards of four times the amount of compensatory damages have been found to comport with due process and absent other factors, are otherwise affirmed. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003).

8

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

As a conservative estimate of punitive damages equal to twice Plaintiff's emotional distress damages, the potential punitive damages in this case add an additional estimated **$50,000** to the amount in controversy.

### 4. Attorneys' Fees.

Attorneys' fees awarded under fee-shifting statutes are properly included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018). While Defendant denies that Plaintiff is entitled to any attorneys' fees, Plaintiff demands attorneys' fees pursuant to California Labor Code §§ 218.5, 226, 1102.5, and 1194. (*See, e.g.,* Complaint, ¶¶ 52, 67, 85.) Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch*, 899 F.3d at 795. As such, while Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

District Courts in the Ninth Circuit "have held that a reasonable rate for employment cases is $300 per hour and 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action." *Adkins*, *supra*, 293 F.Supp.3d at 1148 (citing *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015)).

Using a conservative estimate of 100 hours times a conservative rate of $500, Plaintiff's potential attorney fees add an additional **$50,000** to the amount in controversy.

### 5. Summary of Amount in Controversy.

While Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdictional requirement, exclusive of interests and costs, as the table below shows.

| | |
|---|---|
| Alleged/potential Lost Wages | $106,343.74 |
| Alleged/potential Emotional Distress | $25,000 |

9

**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

| | |
|---|---|
| Potential Punitive Damages | $50,000 |
| Potential Attorneys' Fees | $50,000 |
| **Total Amount in Controversy** | **$231,343.74** |

Thus, for all of the foregoing reasons, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

## VI. NOTICE OF REMOVAL

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned will give written notice of such filing to Plaintiff's Counsel of Record. A copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the State of California, County of Los Angeles, as required by 28 U.S.C. section 1446(d).

## VII. CONCLUSION

Defendant therefore removes this civil action from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California, Western Division.

Dated: March 19, 2026

LITTLER MENDELSON, P.C.

Brandie N. Charles
Zeeshan Kabani
Oscar Bustos

Attorneys for Defendant NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

10