# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
("NAACP"); and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANET MCCORKLE, an individual,

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/10/2026 11:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Stanley Mosk | *(Número del Caso):* |
| 111 North Hill Street, Los Angeles, CA 90012 | 26STCV04343 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Ellison, 8117 W Manchester Ave #158, Playa Del Rey, CA 90293, 310-882-6239, cellison@eaalawfirm.com

DATE: 02/10/2026    Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Fecha)*    *(Secretario)* C. Cervantes   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The National Association for the Advancement of Colored People ("NAACP")

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 2/18/2024

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Christopher B. Ellison, Esq. SBN: 248545
ELLISON & ASSOCIATES APC
8117 W. Manchester Ave. #158
Playa Del Rey, California 90293
Telephone: (310) 882-6239
Facsimile: (310) 882-6237
cellison@eaalawfirm.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/10/2026 11:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

Attorney for Plaintiff
Janet McCorkle

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JANET MCCORKLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP"); and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 26STCV04343<br><br>1. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY<br>2. RETALIATION IN VIOLATION OF CAL. LAB. CODE § 98.6<br>3. RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5 ET SEQ.<br>4. UNFAIR BUSINESS PRACTICE IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.<br>5. FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 AND 11982.<br>6. FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 AND 512.3.<br>7. FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 AND 512.4.<br>8. FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 2265.<br>9. FAILURE TO PAY WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE § 203 ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

All allegations in this Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Each allegation in this

- 1 -

COMPLAINT FOR DAMAGES

Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## VENUE AND JURISDICTION

1. Court has jurisdiction pursuant to Article VI, Section 10 of the California Constitution and California Code of Civil Procedure sections 410.10 et seq.

2. Venue is proper in Los Angeles County because Plaintiff, Janet McCorkle, performed work in Los Angeles County, Defendant conducts business in this county, and the unlawful acts complained of occurred in this county.

## PARTIES

3. Janet McCorkle, "Plaintiff", is/was:

   a. an individual residing in Los Angeles County, California.

   b. a Black woman over the age of forty years old.

   c. was employed in Los Angeles, California by the National Association of Advancement for Colored People, Hollywood Bureau.

4. National Association of Advancement for Colored People, Hollywood Bureau ("Defendant" or "NAACP") is, upon information and belief:

   a. a nonprofit organization conducting business in the State of California, including Los Angeles County,

   b. and at all relevant times employed Plaintiff.

5. At all relevant times, Defendant acted through its officers, directors, executives, human resources personnel, and managing agents, including but not limited to senior leadership, People & Culture (Human Resources), and legal counsel.

- 2 -

**COMPLAINT FOR DAMAGES**

6. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendant DOES 1 through 100, inclusive is unknown to Plaintiff who therefore sues these Defendants by such fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when they are ascertained.

7. Plaintiff is informed and believes, and based on that information and belief alleges that the Defendant named in this Complaint, including DOES 1 through 100, inclusive, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

8. Plaintiff is informed and believes, and based upon that information and belief alleges, that the Defendant named in this Complaint, including DOES 1 through 100, inclusive, is, and at all times mentioned herein was, the agent, servant, and/or employee of each of the other Defendants, and that each Defendant was acting within the course and scope of his, or its authority as the agent, servant, and/or employee of each of the other Defendants. Consequently, each Defendant is jointly and severally liable to Plaintiff for the damages sustained as a proximate result of their conduct.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant in or about March 2021 as an Executive Assistant to the Senior Vice President of the Hollywood Bureau, Kyle Bowser. Plaintiff was offered an annual salary of $80,000 and classified as an exempt employee, despite the fact that her duties were non-exempt in nature.

- 3 -

**COMPLAINT FOR DAMAGES**

10. At the time of hire, Plaintiff had over seventeen (17) years of experience in the entertainment industry. She accepted the role at a reduced salary due to pandemic-related economic conditions.

11. Plaintiff regularly worked long hours, including evenings, weekends, and on-call time, consistent with the demands placed upon her by Defendant. Defendant later admitted that Plaintiff's classification as exempt was an error, and that all other Executive Assistants within the Association were classified as non-exempt.

12. From approximately March 28, 2022 until April 10, 2023, Plaintiff was required to perform both her Executive Assistant role and the Administrative Assistant role, without additional compensation, due to Defendant's hiring failures.

13. These additional duties included, but were not limited to:

   a. Processing office bills and vendor payments (rent, internet, Xerox);

   b. Handling Image Awards vendor billing;

   c. Performing office management and administrative functions unrelated to executive support.

14. On or about December 28, 2023, the replacement Administrative Assistant left her role, and Defendant again failed to backfill the position, requiring Plaintiff to continue covering two jobs.

15. During Image Awards seasons, Defendant hired temporary contractors, including an "Image Assistant." On or about February 28, 2024, the Image Assistant contractor's role was terminated. Plaintiff reasonably became concerned that these duties would again fall on her, further increasing her already excessive workload.

16. On or about March 7, 2024, Plaintiff contacted Bryan Williams, Vice President of People and Culture, to raise concerns about workload, classification, and unpaid labor.

- 4 -

**COMPLAINT FOR DAMAGES**

17. Plaintiff requested her official job description and raised concerns about performing duties outside her role. Mr. Williams confirmed that Plaintiff was hired solely to support the SVP and not to serve as an office or administrative manager.

18. During this conversation, Mr. Williams asked why Plaintiff did not submit overtime for events, and Plaintiff explained that she was classified as exempt. Mr. Williams acknowledged the issue and stated he would investigate. Defendant later admitted that Plaintiff was misclassified as exempt and instructed her to begin tracking her hours as a non-exempt employee.

19. Defendant informed Plaintiff that it wanted to "make her whole" and requested that she submit all unreported hours worked from March 8, 2021 through April 24, 2024. Plaintiff was provided a template and agreement and was asked to calculate her past hours.

20. Plaintiff undertook an extensive and good-faith reconstruction of her work hours using journals, calendars, emails, Slack messages, Teams messages, and notes. Plaintiff spent hours with friends and family reconstructing her time and requested extensions to ensure accuracy. Plaintiff did not charge Defendant for all hours worked, excluding certain start times and phone work that could not be itemized.

21. Defendant repeatedly delayed resolution and requested revisions and clarifications of Plaintiff's documentation.

22. On or about September 12, 2024, Defendant verbally offered Plaintiff a sum of money, stating she had worked "700 more hours than any other assistant." Plaintiff reasonably disputed this characterization and calculation.

23. On or about March 7, 2025, Plaintiff was contacted by the Interim Chief Executive and offered a different sum of money, with a deadline to respond. Plaintiff asserted that she was

- 5 -

**COMPLAINT FOR DAMAGES**

owed at least double this amount, not including penalties, attorney fees and additional premium and wages.

24. On or about March 21, 2025, Defendant unilaterally deposited funds into Plaintiff's account as "retro pay."

25. Defendant failed to provide a full accounting, failed to obtain Plaintiff's consent, and failed to resolve outstanding wage violations. Defendant stated they would follow up but never did.

26. In December of 2025, Plaintiff was given a severance agreement and 45 days to sign, with a termination date of December 31, 2025.

## FIRST CAUSE OF ACTION

## FOR WRONGFUL DISCHARGE

## IN VIOLATION OF PUBLIC POLICY

27.    Plaintiff repleads and realleges paragraphs 1 through 26, inclusive, of this Complaint, and they are incorporated herein by this reference.

28.    At all relevant times herein, NAACP, and its agents/and or agents/employees, harassed, discriminated, failed to prevent harassment and discrimination from occurring, and further, retaliated against Plaintiff. On or about December 31, 2025, Plaintiff was terminated without justifiable cause.

29.    The conduct of NAACP was against public policy in that the California Fair Employment and Housing Act was established to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without harassment, discrimination and retaliation. By terminating Plaintiff as retaliation for complaining and

- 6 -

COMPLAINT FOR DAMAGES

reporting the unlawful conduct of Defendant as alleged herein, NAACP unlawfully retaliated against Plaintiff in violation of public policy by terminating Plaintiff.

30.     As a direct and proximate result of NAACP's unlawful conduct, Plaintiff has suffered and will continue to suffer physical injuries, pain and suffering and extreme and severe mental anguish and emotional distress. Plaintiff has incurred, and will continue to incur, medical expenses for treatment by psychiatrists and other health professionals, and for other incidental medical expenses.

31.     As a further direct and proximate result of said tortious acts, omissions, or conduct of NAACP, Plaintiff sustained and incurred losses and damages including the inability to perform Plaintiff's regulated and usual occupation, with resulting loss and impairment of earnings and earning capacity, all to Plaintiff's damage in a sum to be determined according to proof at the time of trial.

32.     The conduct of the NAACP, as alleged herein, was engaged in maliciously, willfully and oppressively, and with the intent to physically harm Plaintiff. NAACP engaged in despicable conduct and acted with a conscious disregard of rights and with the intent to injure Plaintiff, such as to constitute oppression and malice under *California Code of Civil Procedure* §3294. Plaintiff is therefore entitled to punitive and exemplary damages in an amount sufficient to punish and make an example of the NAACP.

## SECOND CAUSE OF ACTION

## FOR WHISTLEBLOWER RETALIATION

## IN VIOLATION LABOR CODE §98.6

33.     Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

- 7 -

**COMPLAINT FOR DAMAGES**

34.    At all times herein relevant Labor Code § 98.6 was in full force and effect.

35.    California Labor Code § 98.6(a) prohibits discrimination, retaliation, or other adverse employment action by an employer against any employee or applicant for employment because the employee makes a written or oral complaint that he is owed unpaid wages.

36.    Labor Code section 98.6(b)(3) also provides that "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section."

37.    There was a causal connection between Plaintiff's protected activity and the adverse employment actions.

38.    Plaintiff's protected activity was a motivating factor in the Defendant's decision and conduct when viewing the totality of the circumstances.

39.    As a direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has incurred and will continue to incur compensatory damages, including lost earnings and other economic damages, in an amount according to proof at trial.

40.    As a further direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has suffered and will continue to suffer mental, physical, and emotional distress, including but not limited to humiliation, anxiety, nervousness, and depression and have been generally damaged in an amount to be ascertained at trial.

41.    Defendant authorized and ratified the wrongful acts of its agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, director, or managing agents were themselves guilty of oppression, fraud, and malice. Those who retaliated against Plaintiff were managing agents who were vested with

- 8 -

COMPLAINT FOR DAMAGES

discretionary authority to make decisions affecting company policy regarding significant aspects of the company's business. These managing agents acted with malice towards Plaintiff because he complained about not being compensated properly despite knowing it was illegal to do so under California Law, in conscious disregard of Plaintiff's rights. Those managing agents who retaliated against Plaintiff by demoting her, further acted with malice by fabricating false reasons for their actions to cover up their true discriminatory and retaliatory reasons. In engaging in the aforementioned conduct, Defendant aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Labor Code §98.6(a).

42.    As a further direct and proximate result of the above-described acts of Defendant, Plaintiff has necessarily incurred attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## FOR RETALIATION

## IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5 ET AL.

43.    The allegations set forth in paragraphs 1 through 42 are re-alleged and incorporated herein by reference.

44.    Plaintiff engaged in legally protected activities under Labor Code section 1102.5 by disclosing to the NAACP information which Plaintiff had reasonable cause to believe disclosed violations of various federal, state, and local statutes, rules, and regulations, as set forth above. Defendant's conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff's protected activity in violation of California Labor Code section 1102.5 et seq.

- 9 -

COMPLAINT FOR DAMAGES

45.     Defendant and their respective supervisors, managers, officers, agents, and employees, retaliated against Plaintiff for engaging in activities protected under Labor Code section 1102.5 by subjecting her to multiple adverse employment actions, stand-alone actions and/or an ongoing series of actions, which have caused substantial and material adverse effects on the terms and conditions of Plaintiff's employment. Said actions of retaliation were a direct violation of Labor Code section 1102.5, and pursuant to Labor Code section 1102.6, Defendant has the burden of proof to demonstrate by clear and convincing evidence that each of the adverse employment actions alleged herein would have occurred for legitimate, independent reasons even if Plaintiff had not engaged in activities protected by Labor Code section 1102.5.

46.     A contributing cause for Defendant engaging in the foregoing adverse employment actions against Plaintiff were to retaliate against Plaintiff for engaging in the above-described protected activities.

47.     As a result of the aforesaid unlawful acts of Defendant, Plaintiff has lost and may continue to lose income, wages, earnings, earnings, earning capacity, pension, benefits, and other economic loss, in an amount to be proven at time of trial.

48.     As a further legal result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer physical, mental, and emotional injuries, damage to reputation, and other non-economic damages, in a sum to be ascertained according to proof. Said damages are of the type that any person would suffer as result of the illegal and wrongful conduct of Defendant.

49.     As a further legal result of the conduct of Defendant, Plaintiff suffered other incidental and consequential damages, in an amount according to proof.

- 10 -

**COMPLAINT FOR DAMAGES**

50.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to declaratory relief through a declaration that Defendant retaliated against her in violation of Labor Code section 1102.5, the California whistleblower statute.

51.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to injunctive or other extraordinary relief to remedy these violations and to prevent future violation of a like or similar nature.

52.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to attorneys' fees pursuant to Labor Code section 1102.5, C.C.P. section 1021.5, and other authorities, and costs in an amount according to proof.

### FOURTH CAUSE OF ACTION

### FOR UNFAIR BUSINESS PRACTICE

### IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 et seq.

53.     The allegations set forth in paragraphs 1 through 52 are re-alleged and incorporated herein by reference.

54.     Defendant IS "people" as defined under Business and Professions Code § 17021. Plaintiff brings this cause of action on behalf of herself and on behalf of the general public.

55.     Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

56.     Business and Professions Code § 17204 allows "any person who has suffered injury in and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

57.     Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200.et seq. by failing to

- 11 -

COMPLAINT FOR DAMAGES

pay overtime wages, failing to pay wages due, and to furnish timely and accurate and timely wage statements in violation of applicable State law.

58.    The above-described unlawful actions by Defendant constitutes false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code §§17200 et seq.

59.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendant's unlawful acts and practices.

60.    As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement and/or specific performance of payment of all wages and pay that have been unlawfully withheld from her as a result of the business acts and practices described herein and enjoining Defendant to cease and desist from engaging in the practices described herein.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PAY OVERTIME COMPENSATION

## IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 and 11100

61. Plaintiff re-alleges and incorporates paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62. Cal. Lab. Code§ 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

- 12 -

COMPLAINT FOR DAMAGES

63. Cal. Lab. Code§ 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorney's fees. Cal. Lab. Code§ 11100 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

64. At all times relevant hereto, Plaintiff has worked more than eight (8) hours in a workday and/or forty (40) hours in a workweek, as an employee of NAACP. Further, at all times relevant hereto, Plaintiff has been paid on an hourly basis.

65. At all times relevant hereto, NAACP failed to pay Plaintiff overtime compensation for the hours she has worked in excess of maximum hours permissible by law as required by Cal. Lab. Code§§ 510, 1194 and 1100.

66. By virtue of NAACP unlawful failure to pay overtime wages, Plaintiff has suffered, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

67. Plaintiff request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code§§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against NAACP in a sum as provided by the Cal. Lab. Code and/or other statutes. Further, Plaintiff is entitled to seek and recover reasonable attorney fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

## SIXTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE MEAL PERIODS

## IN VIOLATION OF Cal. Lab. Code §§ 226.7 and 512

68. Plaintiff re-alleges and incorporates paragraphs 1 through 67 of the Complaint as though

- 13 -

COMPLAINT FOR DAMAGES

fully set forth herein.

69. California Labor Code § 226.7 prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. California Labor Code §512 and IWC Wage Order prohibit employers from employing a worker for more than five hours without a meal period of at least 30 minutes.

70. If an employer fails to provide an employee with a meal period required the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided as required.

71. NAACP did not provide Plaintiff with the required meal period while employed with NAACP. Furthermore, NAACP failed to pay Plaintiff compensation for each workday that a meal period was not provided.

72. As a proximate result of NAACP conduct Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest in an amount to be established at trial, and Plaintiff is entitled to recover economic and statutory damage and penalties and other appropriate relief from NAACP violations of the California Labor Code and IWC Wage Order.

73. Plaintiff is entitled to seek and recover reasonable attorney fees and costs pursuant to CAL. LAB. CODE §§ 226.7 and 512.

## SEVENTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REST PERIODS

## IN VIOLATION OF Cal. Lab. Code §§ 226.7 and 512

74. Plaintiff re-alleges and incorporates paragraphs 1 through 73 of the Complaint as though fully set forth herein.

- 14 -

COMPLAINT FOR DAMAGES

75. California Labor Code § 226.7 prohibits an employer from requiring an

76. employee to work during any rest period mandated by an applicable Industrial Wage Order.

77. IWC Wage Order states that every employer shall authorize and permit all employees to take rest periods. The section requires for employers to permit ten (10) minutes rest time per four (4) hours worked.

78. If an employer fails to provide an employee with a rest period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided as required.

79. NAACP did not provide Plaintiff with the required rest period while employed with Defendant. Furthermore, NAACP failed to pay Plaintiff compensation for each workday when a rest period was not provided.

80. As a proximate result of NAACP's conduct, Plaintiff has sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and Plaintiff is entitled to recover economic and statutory damage and penalties and other appropriate relief from NAACP violations of the California Labor Code and IWC Wage Order. Plaintiff is entitled to seek and recover reasonable attorney fees and costs pursuant to CAL. LAB. CODE §§ 226.7 and 512.

## EIGHTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ITEMIZED STATEMENTS

## IN VIOLATION OF CAL. LAB. CODE § 226

81. Plaintiff re-alleges and incorporates paragraphs 1 through 80 of the Complaint as though fully set forth herein.

- 15 -

**COMPLAINT FOR DAMAGES**

82. Pursuant to the Wage Order, NAACP was the employer of Plaintiff.

83. Throughout Plaintiff's employment at NAACP, NAACP intentionally failed to furnish to Plaintiff, upon payment of wages, itemized statements accurately showing the total number of hours worked, the applicable hourly rates in effect during each pay period, and the corresponding hours worked at each hourly rate.

84. Plaintiff was damaged by these failures because, among other things, the failures led her to believe that she was not entitled to take meal and rest break periods, and be paid overtime, even though she is so entitled, and because the failures hindered her from determining the amounts of wages which they were to be paid.

85. Plaintiff is entitled to the amounts provided in CAL. LAB. CODE § 226(e), plus cost and attorney's fees.

## NINTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES WHEN DUE

## IN VIOLATION OF CAL. LAB CODE § 201, 203, 204 et seq.

86. Plaintiff re-alleges and incorporates paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87. During all relevant times, NAACP was subject to Labor Code § 203 which provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed thirty (30) days. NAACP willfully refused and failed to deliver Plaintiff all wages due and owing upon separation, including without limitation: overtime pay. At the time of the filing of this lawsuit, more than 30 days have passed since Plaintiff was

- 16 -

**COMPLAINT FOR DAMAGES**

forced to resign.

88. Pursuant to Labor Code § 203, Plaintiff is owed a penalty equal to 30 days of her regular rate of pay.

89. Plaintiff is also entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 218.5 for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for damages against Defendants, as follows:

(a)   For actual and/or compensatory damages in favor of Plaintiff and against the Defendants in an amount to be ascertained at the time of trial;

(b)   For punitive and/or exemplary damages in favor of Plaintiff and against Defendants;

(c)   For interest on any actual or compensatory damages Plaintiff may obtain;

(d)   For interest on any punitive and/or exemplary damages Plaintiff may obtain;

(e)   For statutory penalties, including 30 days of pay for PLAINTIFF who was not timely paid wages upon termination;

(f)   For Injunctive and Declaratory relief; and,

(g)   For such other and further relief as this Court may deem just and proper;

(h)   For attorney's fees as allowed by law;

(i)   For such other and further relief as this Court deems just and proper;

(j)   Interest accrued to date under the California Labor Code, including sections 226.7 and 512.

- 17 -

**COMPLAINT FOR DAMAGES**

Dated: February 10, 2026

ELLISON & ASSOCIATES APC

By:

CHRISTOPHER B. ELLISON

Attorney for Plaintiff

- 18 -

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 248545 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY
STATE BAR NUMBER: 248545

NAME: Christopher B. Ellison

FIRM NAME: Ellison & Associates, APC

STREET ADDRESS: 8117 W. Manchester Ave #158

CITY: Playa Del Rey    STATE: CA    ZIP CODE: 90293

TELEPHONE NO.: 310-882-6239    FAX NO.: 310-882-6237

EMAIL ADDRESS: cellison@eaalawfirm.com

ATTORNEY FOR (name): Janet McCorkle

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/10/2026 11:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Stanley Mosk

CASE NAME:
Janet McCorkle v. National Association for the Advancement of Colored People

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26STCV04343 |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joiner  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Asbestos**
☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/Unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Employment Development Department (EDD)**
☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Comprehensive groundwater adjudication (47)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3



CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?  ☐ Yes  ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a.  ☐ Large number of separately represented parties

b.  ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c.  ☐ Substantial amount of documentary evidence

d.  ☐ Large number of witnesses

e.  ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f.  ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

a.  ☒ monetary

b.  ☒ nonmonetary; declaratory or injunctive relief

c.  ☐ punitive

4.  Number of causes of action *(specify):*  Nine (9)

5.  Is this case a class action suit?  ☐ Yes  ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  02-06-2026

Christopher B. Ellison
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| Print | Save | Clear |

| SHORT TITLE | CASE NUMBER |
|---|---|
| McCorkle v. NAACP | 26STCV04343 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| McCorkle v. NAACP | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, ②, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| McCorkle v. NAACP | |

| | **A** Civil Case Cover Sheet Case Type | **B** Type of Action (check only one) | **C** Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| McCorkle v. NAACP | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| McCorkle v. NAACP | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☒ 2. ☐3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br><br>6269 Selma Ave |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90028 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central_____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: ____February 10 ,2026_____           _____
                                                                                             (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

02/10/2026

David W. Slayton, Executive Officer / Clerk of Court

By: _____ C. Cervantes _____ Deputy

</td></tr>
<tr><td>

**Your case is assigned for all purposes to the judicial officer indicated below.**

</td><td>

CASE NUMBER:
26STCV04343

</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Colin  Leis | 74 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/10/2026_____
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By C. Cervantes_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Janet McCorkle

DEFENDANT:
The National Association for the Advancement of Colored People (

| Reserved for Clerk's File Stamp |
|---|
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/19/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Lam _____ Deputy |

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
26STCV04343

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/08/2026 | Time: 8:30 AM | Dept.: 74 |
|---|---|---|

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 02/19/2026

_Coln Leis_
Judicial Officer

**CERTIFICATE OF SERVICE** Colin Leis / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Christopher Brian Ellison
8117 W Manchester Ave #158
Playa Del Rey, CA 90293

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/19/2026

By C. Lam _____
Deputy Clerk

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/19/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Lam _____ Deputy |
| PLAINTIFF(S):<br>Janet McCorkle | |
| DEFENDANT(S):<br>The National Association for the Advancement of Colored People (NA( | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>26STCV04343 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>06/03/2026</u> at <u>8:30 AM</u> in department <u>74</u> of this court, <u>Stanley Mosk Courthouse</u> ,
and show cause why sanctions should not be imposed for:

[✔]   Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]   To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>02/19/2026</u>

_Colin Leis_

<u>Colin Leis / Judge</u>
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/19/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Lam _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Janet McCorkle | |
| DEFENDANT/RESPONDENT:<br>The National Association for the Advancement of Colored People (NAACP) | |

| CERTIFICATE OF MAILING | CASE NUMBER:<br>26STCV04343 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/19/2026

By: C. Lam _____
Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/19/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Lam _____ Deputy |
| **PLAINTIFF(S)/PETITIONER(S):**<br>Janet McCorkle | |
| **DEFENDANT(S)/RESPONDENT(S):**<br>The National Association for the Advancement of Colored People (NAACP) | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26STCV04343 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 02/19/2026**
**Order to Show Cause Failure to File Proof of Service of 02/19/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Ellison, Christopher Brian" <cellison@eaalawfirm.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012.

Dated: 02/19/2026                    David W. Slayton, Executive Officer / Clerk of Court

                                    By:  C. Lam _____
                                            Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*

  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

Christopher B. Ellison, Esq. (CSB #248545)
**ELLISON & ASSOCIATES, APC**
8117 W Manchester Ave #158
Playa Del Rey, California 90293
Telephone:  (310) 882-6239
Facsimile:   (310) 882-6237
Email: cellison@eaalawfirm.com

Attorney for Plaintiff
Janet McCorkle

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**2/20/2026 4:45 PM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By M. Saxon, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Janet McCorkle, an individual,<br><br>Plaintiff,<br><br>v<br><br>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 26STCV04343<br><br>**PLAINTIFF'S SUBMISSION RE: PROOF OF SERVICE** |

Dated: February 20, 2026          ELLISON & ASSOCIATES, APC

By: _____
CHRISTOPHER B. ELLISON, ESQ.
Attorney for Plaintiff

Page 1

**PLAINTIFF'S SUBMISSION RE: PROOF OF SERVICE**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Christopher Ellison SBN 248545** **Law Office of Ellison & Associates APC** **8117 W Manchester Ave Ste 158** **Playa del Rey, CA 90293** TELEPHONE NO.:  **(310) 882-6239**     FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional)*:  **cellison@eaalawfirm.com** ATTORNEY FOR *(Name)*:     **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK**
STREET ADDRESS:  111 N Hill St
MAILING ADDRESS:  111 N Hill St
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Janet McCorkle DEFENDANT/RESPONDENT:  The National Association for the Advancement of Colored People (NAACP) | CASE NUMBER: 26STCV04343 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: 00011 |

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Summons; Complaint***

3.    a.  Party served *(specify name of party as shown on documents served)*: ***The National Association for the Advancement of Colored People ("NAACP")***

   b.  ☒  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: **Bee Vang , Intake specialist for Cogency Global Inc- Agent for Service**

4.    Address where the party was served: ***1325 J St ste 1550, 1550 Sacramento, CA 95814***

5.    I served the party *(check proper box)*
   a.  ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on*: **2/18/2026** (2) at: **12:06 PM**
   b.  ☐  **by substituted service.** On*: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3)  ☐  **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
         *on:*            *from:*                    **or** ☐ a declaration of mailing is attached.

**Page 1 of 2**

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | |
|---|---|---|

**Invoice # 14055388**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Janet McCorkle<br>DEFENDANT/RESPONDENT: The National Association for the Advancement of Colored People (NAACP) | CASE NUMBER:<br>26STCV04343 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c.  ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐ **by other means** (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☐ as an individual defendant.
b.  ☐ as the person sued under the fictitious name of (specify):
c.  ☐ as occupant.
d.  ☒ On behalf of (specify): **The National Association for the Advancement of Colored People ("NAACP")**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
a.  Name: **Jennifer Hernandez**
b.  Address: **Attorney's Certified Services**
     **Corporate Office: 5080 California Avenue Suite 425, Bakersfield, CA 93309**
c.  Telephone number: **888-514-5067**
d.  **The fee** for service was: **$85.00**
e.  I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ a registered California process server:
(i) ☐ owner  ☐ employee  ☒ independent contractor.
(ii) Registration No.: **2025-090**
(iii) County: **Sacramento**

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


**Jennifer Hernandez**          Date: **02/19/2026**